UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CR-0229-RLY-DML |
| | ) | |
| MAHDE M. DANNON, | ) | -01 |
| | ) | |
| *Defendant.* | ) | |

## **PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and Matthew J. Rinka, Assistant United States Attorney, and the defendant, Mahde M. Dannon ("the defendant"), in person and by counsel, William H. Dazey, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### **Part 1: Guilty Plea and Charge(s)**

**1.     Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to Count 8 of the Indictment which charges a violation of Title 18 U.S.C. §§ 2 and 2339(B)(a)(1) (Attempting to Provide Material Support or Resources, namely, firearms, to a Designated Foreign Terrorist Organization, namely, the Islamic State of Iraq and the Levant).

**2.**     **Potential Maximum Penalties**:  The offense is punishable by a maximum sentence of not more than 20 years' imprisonment and a maximum fine of $250,000. Defendant further understands that the Court may impose a term of supervised release of any term of years, including life.

**3.**     **Elements of the Offense:**  To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

A.     First: that the defendant knowingly attempted to provide material support or resources to a designated foreign terrorist organization and/or aided and abetted another in doing so;

B.     Second: that the defendant knew that the organization was a designated terrorist organization or that the organization had engaged or was engaging in terrorist activity or terrorism; and

C.     Third: that the defendant is a United States citizen.

### Part 2:  General Provisions

**4.**     **Sentencing Court's Discretion Within Statutory Range:**  The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be

made by the Court; and (G) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5.     **Sentencing Court Not Bound by Guidelines or Recommendations:**  The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court.  The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6.     **Plea Agreement Based on Information Presently Known:**  The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.  The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

7.     **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.  The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8.      **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to appeal the conviction on such charge(s) to a higher court.  The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Part 3:  Sentence of Imprisonment

9.      **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.  Based on presently known information, the government will recommend a Guideline Range sentence of 240 months' imprisonment to be followed by a lifetime term of supervised release.  The defendant is free to recommend whatever sentence he deems appropriate.  If the Court does not accept the defendant's sentencing recommendation, the defendant will have no right to withdraw his guilty plea.

10.     **Supervised Release:**  The parties have not agreed upon term of supervised release to be imposed following any term of imprisonment in this case.  The parties reserve the

right to present evidence and arguments concerning what they believe to be the appropriate term of supervised release.

11.     **Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

**Part 4:  Monetary Provisions and Forfeiture**

12.     **Mandatory Special Assessment:**  The defendant will pay a total of $100.00 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

13.     **Fine:**  The parties agree that the imposition of a fine in this case is left to the discretion of the Court.  However, at the present time, the parties do not anticipate asking the Court to impose a fine.

14.     **Forfeiture:**  The defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States.  The defendant abandons all right, title, and interest the defendant may have in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant.  The defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is

administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

       A.     One Passport and one identification card issued by the Kingdom of Jordan in the name of Mahde Dannon;

       B.     One United States Passport and one State of Indiana driver's license in the name of Mahde Dannon;

       C.     One GMC Acadia, VIN 1GKKVSED4BJ263689;

       D.     One BMW sedan, VIN WBAWB73587PV80262;

       E.     One iPhone bearing Unique Device ID (UDID) No. a141d5eb142d6c346f70249052658ffd04513ce3);

       F.     One black iPhone in black Incipio case seized from the Dannon residence on May 15, 2019, and logged into evidence under FBI# 1B104;

       G.     One Seagate external hard drive (S/N NAA3W7M9) seized from the Dannon residence on May 15, 2019, and logged into evidence under FBI# 1B114;

       H.     One Sony PlayStation seized from the Dannon residence on May 15, 2019, and logged into evidence under FBI# 1B115;

       I.     One black iPhone 7 Plus seized from Mahde Dannon on May 15, 2019, and logged into evidence under FBI# 1B33;

       J.     All firearms, ammunition, firearms parts, firearms accessories, knives, and any other weapons seized by law enforcement during the course of the investigation of this case;

6

K.      Various debit cards and gift cards recovered from Mahde Dannon and

seized from the Dannon residence on 05/15/2019 and logged into evidence under FBI#

1B136;

L.      One research paper on the country of Syria seized from the Dannon

residence on May 15, 2019, and logged into evidence under FBI# 1B118;

M.      All jewelry and watches seized from the Dannon residence on May 15,

2019, and logged into evidence under FBI #s 1B109, 1B110, 1B111, and 1B138;

N.      One Sony PlayStation 3 (Model No. CECH-2501A) seized from the

Dannon residence on May 15, 2019, and logged into evidence under FBI# 1B36.

The defendant consents to the entry of orders of forfeiture for such property and waives

the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in

the charging document, announcement of the forfeiture at sentencing, and incorporation of the

forfeiture in the judgment.   The defendant understands that the forfeiture of assets is part of the

sentence that may be imposed in this case and waives any failure by the Court to advise the

defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any

manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out

in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes

an excessive fine or punishment.

**15.    Obligation to Pay Financial Component of Sentence**:  If the defendant is

unable to pay any financial component of the defendant's sentence on the date of sentencing,

then the defendant agrees that the payment of the financial component should be a condition of

supervised release as well as an ordered payment through the Inmate Financial Responsibility

Program of the U.S. Bureau of Prisons.  The defendant has a continuing obligation to pay the financial component of the sentence.  The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.

## Part 5:  Factual Basis for Guilty Plea

16.     The defendant stipulates and agrees that each and every fact alleged in the Indictment with respect to Count 8 is true.  The parties stipulate and agree that the Government could prove each and every fact and element alleged in Count 8 of the Indictment to a jury beyond a reasonable doubt if the case went to trial and the facts alleged in the Indictment establish a sufficient factual basis for the defendant's pleas of guilty to the offenses set forth in paragraph 1, above.  The parties acknowledge that such facts are only a summary of the Government's evidence.  The parties reserve the right to present additional evidence at the time of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

**Part 6:  Other Conditions**

17.     **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that neither party is prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

18.     **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws between the date this Plea Agreement is executed and the date of sentencing in this cause.

**Part 7:  Sentencing Guideline Stipulations**

19.     **Guideline Computations:**  Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The 2016 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

A.     As the instant offense involved Providing Material Support to a Terrorist Organization, the base offense level is 26.  U.S.S.G. § 2M5.3(a)

B.     Two (2) additional levels are added because the instant offense involved provision of firearms to a foreign terrorist organization.  U.S.S.G. § 2M5.3(b)(1)(B)

9

C.      Twelve (12) additional levels are added because the instant offense is a felony that involved, and was intended to promote, a federal crime of terrorism. U.S.S.G. § 3A1.4(a)

D.      Consistent with the stipulated applicability of U.S.S.G. § 3A1.4(a), above, the parties stipulate that the Criminal History Category in this case is VI.

E.      **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

E.      **Final Offense Level:** The final offense level is 37.

### Part 8:  Waiver of Right to Appeal

20.     **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to

appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  This blanket waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

21.     **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, <u>except</u> as follows:

      A.     **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

      B.     **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

      C.     **Motions for Compassionate Release:**  As concerns this Section 3582 waiver, the defendant reserves the right to file one (and only one) motion seeking a

11

"compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction).  However, the defendant waives any right to file more than one motion on that basis.  This waiver also bars an appeal from the District Court's decision regarding that motion.  The government further reserves the right to oppose any motion for compassionate release on any other grounds.

22.     **No Appeal of Supervised Release Term and Conditions**:  The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 9:  Presentence Investigation Report

23.     The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

24.     The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10:  Immigration Consequences

**25.**     The defendant recognizes that pleading guilty may have consequences with

respect to the defendant's immigration status if the defendant is not a citizen of the United States.

Under federal law, a broad range of crimes are removable offenses, including the offenses to

which the defendant is pleading guilty.  The defendant also recognizes that removal will not

occur until service of any sentence imposed in this case has been completed.  Removal and other

immigration consequences are the subject of a separate proceeding, however, and the defendant

understands that no one, including the defendant's attorney or the Court, can predict to a

certainty the effect of the conviction in this case on the defendant's immigration status.  The

defendant nevertheless affirms that the defendant wants to plead guilty regardless of any

immigration consequences that this plea may entail, even if the consequence is the defendant's

removal from the United States.

### Part 11:  Statement of the Defendant

**26.**     By signing this document, the defendant acknowledges the following:

A.     I have received a copy of the Indictment and have read and discussed it

with my attorney.  I believe and feel that I understand every accusation made against me

in this case. I wish the Court to omit and consider as waived by me all readings of the

Indictment/Information in open Court, and all further proceedings including my

arraignment.

B.     I have told my attorney the facts and surrounding circumstances as known

to me concerning the matters mentioned in the Indictment, and believe and feel that my

attorney is fully informed as to all such matters.  My attorney has since informed,

counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

C.     I have read the entire Plea Agreement and discussed it with my attorney.

D.     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

E.     Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

F.     I am fully satisfied with my attorney's representation during all phases of this case. I believe my attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

G.     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

H.     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

I.     I understand that if convicted, a defendant who is not a United States

14

Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

J.      My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

K.      My attorney has informed me, and I understand, that if, in the context of the plea hearing and colloquy, presentence investigation interviews, and/or sentencing hearing, I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

L.      If this cause is currently set for trial on the Court's calendar, I request that the current trial date be continued to permit the Court to consider this proposed Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 12:  Certificate of Counsel

**27.** By signing this document, the defendant's attorney and counselor certifies as follows:

    A.    I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

    B.    To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

    C.    In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

//

//

//

//

//

//

//

//

//

//

//

## Part 13:  Final Provision

28.     **Complete Agreement:**  The defendant acknowledges that no threats, promises, or

representations have been made, nor agreements reached, other than those set forth in this

document, to induce the defendant to plead guilty.  This document, inclusive of any addendum

hereto, is the complete and only Plea Agreement between the defendant and the United States

Attorney for the Southern District of Indiana and is binding only on the parties to the Plea

Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be

modified except in writing, signed by all parties and filed with the Court, or on the record in

open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

2-8-2021
DATE

Matthew J. Rinka
Deputy Criminal Chief
National Security Unit

2/9/2021
DATE

Cindy Cho
Chief, Criminal Division

1-27-2021
DATE

MAHDE DANNON
Defendant

January 28, 2021
DATE

William H. Dazey, Jr.
Counsel for Defendant

17