United States District Court
for The
Southern District of Indiana

FILED
10/27/2021
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

| | |
|---|---|
| United States of America, Plaintiff, | Case no. 1:19-cr-0229-RLY-DML-1 |
| v. | |
| MAHDE M. Dannon, Defendant. | Motion for Reconsideration |

Comes Now Defendant Mahde Dannon, pro-se, and moves the Court for resentencing on said caption above, hereby submits this Motion for Reconsideration giving rise to the defendants Claims for Re-sentencing, under Rule 35 (a), (Correcting or Reducing a Sentence). Defendant will acknowledge a volume of legal Errors, discrepancies and violations in his case in which the government requested by the Court at sentencing That led to a maximum imposed penalty of 20 years on the defendant. Defendant will

1 of 17

argue "The Terrorism Enhancement" under 3A1.4, "violated his right to Due Process by impermissibly double counting the same criminal act, once for the offense level and once for the Criminal history Category. Defendant will argue the two-prong critieria for Terrorism Enhancement under 18 U.S.C 2332b (g)(5)(A) that was not identified by the government giving rise to their imposed Enhancement. With that said, defendant will provide a foundation of Law established by District Court Judges when having to determine a ruling on such Complex Cases, moving the defendant under Rule 35(a) requesting re-sentencing and moves The Court as follows:

Acknowledgement

In 1994 Congress directed the Sentencing Commission

to create a sentencing enhancement for any felony involving or intending to promote Terrorism. See Violent Crime Control and Law Enforcement Act of 1994, Pub. L. no 103-322, 120004, 108 Stat. 1796, 2022. The Sentencing did, so, and over time, the Enhancement evolved into its current form. See James P. McLoughlin Jr. Deconstructing United States Guidlines Section 3A1.4: Sentencing failure in cases of financial support for foreign Terrorist organizations, 28 Law & inequality 51, 51-52 (2010)(Explaining evolution of Terrorism enhancements). U.S.S.G. 3A1.4 (a) (2018) "when it applies", The Enhancement dramatically increases the sentences imposed on individuals convicted of federal crimes of Terrorism. See McLoughlin (describing enhancements as "draconian") It does so in an

unusual way - increasing not only the offense level, but also a defendants criminal history category, automatically to the highest possible number VI. see U.S.S.G. 3A1.4 (a).

The Terrorism Enhancement Provides That:

A.) If the offense is a felony that involved, or was intended to promote a federal crime of Terrorism, increased by 12-levels; but if the resulting offense level is less than level 32, Increase to level 32.

B.) In each such case, The defendants criminal history Category for chapter. 4 (Criminal History and Criminal Livelihood) shall be Category VI.

U.S.S.G 3A1.4 (a). Application Note.1, to that guidline explains that a "Federal Crime of Terrorism" is defined

in 18 U.S.C. 2332b (g)(5), and that Statue has a two-part definition. (1). A Federal Crime of Terrorism means an offense that is calculated to influence or affect the Conduct of government by intimidation or coercion, or to retaliate against government Conduct." 18 U.S.C. 2332b (g)(5)(A). (2). The offense must be a specific violation of a Statue listed in 18 U.S.C. 2332b (g)(5)(B). Id.

Arguement's

1.) Defendant MAhde Dannon, a 23 year old, Fishers High school graduate with Zero criminal history, see presentence investigation Report, pled guilty to Count·8 in the indictment in this Case, Violation of 18 U.S.C. 2 and 2339 (B)(a)(1) ( Attempting to provide material Support or

resources, namely firearms to a designated foreign Terrorist organization. See plea-application. In approaching sentencing, The parties took vastly divergent positions: (1) while defendant urged defense counsel request a sentence of 57 to 71 months, (2) The government urged a sentence of 240 months. See. Gov. Sentencing Memo. Much of what drove the difference in the parties' proposed sentence was their views of the defendant- (A) whether he was merely "an immature subject", (B) A violent threat to the community, (C) whose imagination and appetite for evil knows no bounds, "Governments recommendations was their views of The Terrorism Enhancement. Defendant argues that "The Terrorism Enhancement" should not apply to this case. while the government argued that

it should, See, Gov. Sentencing Memo, Because the list of violations in 18 U.S.C. 2 and 2339(B)(a)(1) includes the Material support statue to which defendant pled guilty.

2.) The governments arguement centered on whether defendants material Support offense constituted an offense that "is Calculated", (A). To influence or affect the conduct of government by intimidation or coercion, or (B). To retaliate against government conduct See, Gov. Sentencing Memo. Referencing 18 U.S.C. 2332 b (g) (5)(A).

3.) Defendant argues the parties focused more on the First, (A). "Influence of Affect", prong of 18. USC 2332b (g)(5)(A), so the court recieved additional briefing on, among other things, (B). The Second, "Retaliation", prong of that section. See

Transcript of 10-14-2021.

4.) Defendant argues the government failed to identify This prong of 18 U.S.C. 2332b(g)(5)(A), does not include the "by intimidation or coercion" Language from the first prong, and so is arguably to meet. In addition the government failed to articulate with precision which one government was the target of retaliation. There is no such requirement, nor would one make sense when dealing with a terrorist organization that targets many governments. The government further failed to acknowledge the primary motivation of Terrorism is "Ideolgical Intent" another required element under 18.U.S.C. 2332b(g)(5)(A).

5.) Defendant argues Sentencing in this case Took place on October 14, 2021, See minutes of 10-14-2021.

A.) In calculating the appropriate guidline range, the court held that the terrorism enhancement applied, and

B.) That holding resulted in an offense level of 37 and a Criminal History category VI, making defendants guidline range 360 to Life, and

C.) The Court concluded defendants criminal History should be VI,

d.) That resulted in a Sentencing guideline range (240 months) U.S.S.G 5G1.1(a). The Court Sentenced defendant to a total sentence of 240 months on Count 8 of the Indictment, see minutes of 10-14-2021, at the Sentencing hearing. Defendant Contends the Court Errored when Carefully reviewing the parties "arguements", the facts of this case, and the Controlling

Law, The Court Concluded. (1). That the defendants material support offense was calculated to influence or affect the conduct of government intimidation or coercion, and in the alternative. (2) That it was calculated "To retaliate against government conduct". See 18 U.S.C. 2332b (g)(5)(A).

6.) Defendant further brings to the Courts Attention The Terrorism Enhancement takes a wrecking ball to this carefully constructed edifice. See. George D. Brown, pushing Terrorist: Congress, the Sentencing guidline, The Commission and the Courts, 23 Cornell J.L. & Pub. Pol'y 517, 520 (2014). The Terrorism enhancement both increases a terror defendants offense level, and increases his or her criminal history Category to the highest possible number VI U.S.S.G. 3A1.4 (a)

The arguement for doing so is presumably that terrorism is extremely crime. See e.g. United States v. Meskini, 319 F.3d 88, 92 (2d Cir.). cert. denied, 538 U.S. 1068, 123 S. ct. 2240, 155 L. Ed. 2d. 1125 (2003) ("act of Terrorism represents a particularly grave Threat"). But it is the offense level that reflects the seriousness of a charged offense. See United States v. Martinez 931 F.2d 851, 852 n.1 (11th Cir. 1991) ("The Total offense level" reflects the seriousness of the offense of conviction adjusted for relevant Conduct"). See United States v. Parker, 136 F.3d 653, 655 (9th Cir. 1998 (citing Martinez). Finally, Most importantly, the Terrorism enhancement's treatment of criminal history flies in the face of fair, individualized sentencing, and it's inappropriate as to this defendant. (Mahde Dannon).

7.) Defendant Contends the presumption under U.S.S.G. Sec. 3A1.4 is incompatible with 18 U.S.C. 3553,

A.) which requires that a defendant be evaluated individually to justify his or her sentence, due to

B.) The Circumstances of individuals Convicted of crimes of Terrorism... differ greatly, and

C.) Sentencing them without Crediting those differences results in disproportinate sentences and disparities in sentencing.

8.) Defendant argues without an evaluation justifying his sentence was that the Terror Enhancement's criminal history adjustment was "Simply a way of cooking the books" to get to a score and a desired Sentencing range", at least in this Case. The Terrorism enhancement treats all

Terrorism defendants as if they are career criminals. See U.S.S.G. 3A1.4(b). ("The shift to criminal history Category VI ensures that a defendant will be sentenced as if he or she were a criminal, with no empirical evidence that this is true or fair"). Career Criminals — individuals who have repeatedly demonstrated their refusal or inability to follow the law. See United States v. Segura-Del Real, 83 F.3d 275, 277 (9th Cir. 1996) (But category VI, the highest criminal history category, are not surprisingly, the defendants who demonstrate the most limited likelihood or recidivism) United States v. Bad Marriage 392, F.3d 1103, 1117 (9th Cir. 2004), all Category VI defendants have lengthy criminal records. "It is the very circumstances of their recidivisim which

puts them in this category" (quoting Segura-Del Real, 83 F.3d at 277).

9.) Defendant "is not" a career criminal, indeed he has "zero criminal history, see PSR.

A.) Absent the enhancement, he would have a criminal history category of 1. Id (citing U.S.S.G chp.5, part A - sentencing Table).

B.) Automatically assinging defendant a criminal history of VI would be illogical and unjust. United States v. meskini, 319 F.3d at 92, the Second Circuit case that included the much quoted line about terrorist with no prior criminal history being "unique among criminals" in their likelihood of Recidivisim, noted that a Judge determining 3A1.4(b) over-represents the seriousness of the defendants past criminal

14 of 17

conduct that the defendant will commit other crimes, always has the discretion under 4A1.3 to depart downward at sentencing. Defendant's crime was serious, and the Court gave defendant a serious sentence without proper finding facts of law. The Court applied The Terrorism Enhancement without the government justifying the two-prongs of 18 U.S.C. 2332b(g)(5)(A) giving rise to the enhancement because it concluded the offense involved a terrorism enhancement's automatic criminal history category of VI, which is deeply flawed and at the very least does not fit this defendant see U.S.S.G 4A1.3(b)(1).

Defendant argues the Court errored and violated his right to due Process by impermissibly double counting

the same criminal act, once for the offense level and once for the criminal history category, and failure to order the government to identify the two-prong critieria for The Terrorism Enhancement. The defendant moves the court under Rule 35(a) requesting the Court reverse conviction and remand defendant back to the District Court for the Southern District of Indiana, Indianapolis Division for re-sentencing.

Wherefore defendant prays the Court hears his request and grants his relief requested.

Copies TO:

- Mahde M. Dannon
  380 Borax Dr.
  Henderson, KY 42420

- William H. Dazey Jr.
  111 Monument Circle, Suite #3200
  Indianapolis, Indiana, 46204

- Mathew J. Rinka
  Assistant United States Attorney
  46 East Ohio St.
  Indianapolis, Indiana 46204

- Judge Richard L. Young
  46 East Ohio St.
  Indianapolis, Indiana 46204

Thank You

Dated: October 20, 2021

x _____
Defendant, pro se